IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FAITH POLEN, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Civil Action No. **CV423-017** |
| | }<br>} |
| WALMART, INC. and JOHN DOES 1-10, | }<br>} |
| Defendants. | } |

## NOTICE OF REMOVAL

Defendant WALMART INC.[1] petitions for removal of the action herein from the State Court of Liberty County to the United States District Court for the Southern District of Georgia, Savannah Division, and respectfully shows the Court the following:

1.

Plaintiff filed the above-styled civil action in the State Court of Liberty County, Civil Action File No. STSV2022000277 on November 17, 2022. Attached as Exhibit "A" are copies of all process, pleadings, and orders filed in that action known to Defendant.

2.

Plaintiff's Complaint alleges that she was injured in a slip and fall accident at the Walmart store located at 751 Oglethorpe Highway, Hinesville, in Liberty County, Georgia. (Exhibit "A", Plaintiff's Complaint ¶ 4).

---

[1] Defendant states that "Walmart, Inc." is an improper Defendant in this case and is incorrectly identified. This purported Defendant was not involved in the day-to-day operation of the Walmart store at issue. While Defendant denies all allegations of liability, Defendant states that "Wal-Mart Stores East, LP" is the entity involved in the day-to-day operation of the Walmart store at issue, and would be the only potentially proper defendant in this matter.

3.

Plaintiff filed suit in Liberty County, Georgia, based on the location of the alleged incident. (Exhibit "A", Plaintiff's Complaint ¶ 1).

4.

As discussed in greater detail below, Defendant removes this case as this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, which requires (a) complete diversity of citizenship between the parties, and (b) an amount in controversy exceeding $75,000.

5.

The parties are citizens of different states. Plaintiff is a Georgia citizen and resides in Allenhurst, Georgia. As the proper Defendant in this case, Wal-Mart Stores East, LP, is, and was at the time of the filing of the Complaint, a Delaware limited partnership. WSE Management, LLC is, and was at the time of the filing of the Complaint, the sole general partner of Wal-Mart Stores East, LP. WSE Investments, LLC is, and was at the time of the filing of the Complaint, the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investments, LLC are, and were at the time of the filing of the Complaint, Delaware limited liability companies. The sole member of each WSE Management, LLC and WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Walmart Inc. Walmart Inc. is a Delaware corporation. The principal place of business for all entities mentioned in this paragraph is Bentonville, Arkansas. Defendant does not have any members or partners that are Georgia residents. Consequently, complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a)(1).

6.

The amount in controversy exceeds $75,000. Plaintiff's Complaint lists $67,010.19 in medical expenses she alleges she incurred as a result of the alleged incident at Walmart, for which she seeks to recover. (Exhibit "A", Plaintiff's Complaint ¶ 7). Plaintiff also alleges she has incurred lost wages in excess of $1.00. (*Id.* ¶ 8). Plaintiff seeks to recover for her "past and future medical expenses, lost wages, past and future pain and suffering, and all other Damages as permitted by Law.". (*Id.* ¶ 12). *See Fowles v. TJX Companies, Inc.*, No. 4:21-CV-00198, 2022 WL 188134, at *2 (M.D.Ga. 2022) (finding the amount in controversy requirement met where the plaintiff claimed $35,114.71 in medical bills plus unspecified future medical expenses and pain and suffering). Additionally, Plaintiff made a pre-suit demand in the amount of $750,000. (Exhibit "B"). The Court is authorized to consider the information contained in this document as an "other paper" for purposes of determining jurisdiction. The Eleventh Circuit has acknowledged that settlement offers, demand letters, and emails estimating damages can constitute an "other paper" under 28 U.S.C. § 1446(b)."). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007) (internal citations omitted). In determining amount in controversy, "[t]he definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013). Finally, Plaintiff's counsel sent an email to Defense counsel on January 12, 2023 in which he admitted that Plaintiff's damages exceed $75,000. (Exhibit "C"). Accordingly, the amount in controversy between Plaintiff and Defendant exceeds the sum of $75,000.

7.

Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (a), 1441, and 1446 because (a) complete diversity exists between the parties to this action, and (b) the amount in controversy is in excess of $75,000.00.

8.

By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Defendant gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

9.

This removal is timely because it is filed within 30 days of the service of Plaintiff's Complaint.

10.

A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Liberty County, Georgia as required by 28 U.S.C. §1446(d).

**Wherefore**, Defendant prays that the above-styled lawsuit be removed to the United States District Court for the Southern District of Georgia, Savanah Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Liberty County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. § 1332.

Respectfully submitted, this 19th day of January, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ Samantha A. DiPolito*
Leslie P. Becknell
Georgia Bar No. 046320
Samantha A. DiPolito
Georgia Bar No. 203011
*Attorneys for Defendant Walmart, Inc.*

100 Main Street
Suite A
St. Simons Island, GA 31522
(912) 280-9662
(404) 876-0992 (fax)
BeknellL@deflaw.com
DipolitoS@deflaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FAITH POLEN, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Civil Action No. |
| | } |
| | } |
| WALMART, INC., and JOHN DOES 1-10, | } |
| | } |
| Defendants. | } |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served the foregoing *Notice of Removal* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to all counsel of record.

This 19th day of January, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ Samantha A. DiPolito*
Leslie P. Becknell
Georgia Bar No. 046320
Samantha A. DiPolito
Georgia Bar No. 203011
*Attorneys for Defendant Walmart, Inc.*

100 Main Street
Suite A
St. Simons Island, GA 31522
(912) 280-9662
(404) 876-0992 (fax)
BeknellL@deflaw.com
DipolitoS@deflaw.com